LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ., SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA  91356-3375
(818) 999-5553 / (818) 999-5570 - fax
mike@schulmanlawoffices.com

Attorneys for Defendant
Department Stores National Bank

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| AMY NGUYEN,<br><br>   Plaintiff,<br><br>  v.<br><br>DEPARTMENT STORES NATIONAL BANK,<br><br>   Defendants. | CASE NO.:<br><br>NOTICE OF REMOVAL BY DEFENDANT<br><br>Pursuant to 28 U.S.C. Section 1331<br><br>(Federal Question) |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

  PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. Sections 1331, 1441(b) and Section 1446 of Title 28 of the United States Code, defendant Department Stores National Bank ("Defendant") hereby removes the action entitled <u>Amy Nguyen v. Department Stores National Bank</u>, Superior Court of the State of California for the County of Orange, Case No. 30-2015-00806172-CL-NP-CJC (the "Action"), filed by plaintiff Amy Nguyen ("Plaintiff"), to the United States District Court for the Central District of California, Southern Division, on the following grounds:

1.     On or about October 2, 2015, Defendant received service of Plaintiff's Summons and Complaint. True and correct copies of the Plaintiff's Summons and Complaint, purportedly served on Defendant, is attached hereto as Exhibit "1".

2.     Defendant has timely filed this Notice of Removal within thirty days of the purported service of the Summons and Complaint. See 28 U.S.C. Section 1446(b).

<u>**FEDERAL QUESTION**</u>

3.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441, in that Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227. A claim that is created by, and arises under, federal law. To the extent any other claims in the Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. Sections 1367 and 1441(c).

4.     This Court is the proper district court for removal because the Superior Court of California, County of Orange, Central Division, is located within the United States District Court for the Central District of California, Southern Division.

5.     True and correct copies of all other pleadings, process, and orders served upon Defendant in the Action are attached in composite as Exhibit "2".

6.     A true and correct copy of Defendant's Answer to Complaint, served upon Plaintiff in the Action is attached hereto as Exhibit "3".

7.     Defendant simultaneously is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Orange, Central Division, Limited Civil. Defendant will serve Plaintiff with copies of this Notice of Removal and the Notice filed in state court.

8. By virtue of this Notice of Removal of Action and the Notice filed in the Action, Defendant does not waive its rights to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

DATED: October 30, 2015      LAW OFFICES OF MICHAEL D. SCHULMAN

By _____
MICHAEL D. SCHULMAN
Attorneys for DEPARTMENT STORES
NATIONAL BANK

**EXHIBIT "1"**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DEPARTMENT STORES NATIONAL BANK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AMY NGUYEN

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/24/2015** at 04:33:19 PM
Clerk of the Superior Court
By Rita Strom,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Orange County | **CASE NUMBER:**<br>*(Número del Caso):*<br>30-2015-00806172-CL-NP-CJC |

700 Civic Center Drive West
Santa Ana, Ca 92701

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| | | | |
|---|---|---|---|
| DATE: 08/24/2015 ALAN CARLSON, Clerk of the Court<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *Rita J. Strom*<br>Rita Strom | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*     RR 10/2/15   APS-3   11:05AM

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

08/24/2015 at 04:33:19 PM
Clerk of the Superior Court
By Rita Strom, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE
## LIMITED JURISDICTION

|  |  |
|---|---|
| | Case No.   30-2015-00806172-CL-NP-CJC |
| | |
| | |
| AMY NGUYEN, | (Amount not to exceed $10,000) |
| | |
| Plaintiff, | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| | 2. Violation of Telephone Consumer Protection Act |
| vs. | |
| DEPARTMENT STORES NATIONAL BANK, | |
| | |
| Defendant. | |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

///

///

## II. PARTIES

2.     Plaintiff, Amy Nguyen ("Plaintiff"), is a natural person residing in Orange County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, Department Stores National Bank ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt from telephone # (800)295-4057. .

5.     On or about March of 2015, Defendant began contacting Plaintiff concerning an alleged debt owed with respect to a Macy's Department Stores credit account. Defendant called Plaintiff on Plaintiff's cellular telephone number ending in -2175

6.     In fact, Defendant began numerously calling Plaintiff regarding the aforementioned alleged debt owed. The calls from Defendant were so numerous, frequent, and repetitive that Plaintiff felt harassed by said calls. The number, pattern, and frequency of calls from Plaintiff also evidences Defendant's intent to harass Plaintiff.

7.   Furthermore, during all relevant times, Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

8.   Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

9.   Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

10.   During all relevant times, Defendant did not have Plaintiff's consent to be contacted via an "automated telephone dialing system."

11.   On or about May 21, 2015, Plaintiff sent to Defendant a notice of legal representation. Defendant has failed to respond at this time.

12.   §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

13.   Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a)   Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

    b)   Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1));

    c)   Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)); and

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)).

14. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

15. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;

B. Statutory damages for willful and negligent violations;

C. Costs and reasonable attorney's fees;

D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE
## CONSUMER PROTECTION ACT

18.    Plaintiff incorporates by reference all of the preceding paragraphs.

19.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

20.    As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

21.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

22.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

23.    Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory

damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and

C. Any and all other relief that the Court deems just and proper.

<u>**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**</u>

Respectfully submitted this 24th day of August, 2015

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

EXHIBIT "2"

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO: 877-206-4741　　FAX NO: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, Amy Nguyen | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**08/24/2015** at 04:33:19 PM<br>Clerk of the Superior Court<br>By Rita Strom, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, Ca 92701
BRANCH NAME:

CASE NAME:
Amy Nguyen v. Department Stores National Bank

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2015-00806172-CL-NP-CJC |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 24, 2015
Todd M. Friedman
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT "3"

LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ.  SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA  91356-3375
Telephone: (818) 999-5553
Fax : (818) 999-5570
mike@schulmanlawoffices.com

Attorneys for Department Stores National Bank

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

CENTRAL DIVISION, LIMITED CIVIL CASE

| | |
|---|---|
| Amy Nguyen,<br><br>      Plaintiff,<br><br>      vs.<br><br>Department Stores National Bank,<br><br>      Defendant. | CASE NO. 30-2015-00806172-CL-NP-CJC<br><br>ANSWER OF DEPARTMENT STORES NATIONAL BANK TO COMPLAINT |

Defendant, Department Stores national Bank (the "Bank"), for itself alone and for no other defendant or defendants, answers in response to Plaintiff's Amy Nguyen's ("Plaintiff") Complaint on file herein as follows:

1. Under and in accordance with the provisions of Section 431.30 of the California Code of Civil Procedure, the Bank denies, both generally and specifically, each and every allegation contained in each paragraph of the Complaint and the Bank expressly denies that Plaintiff is entitled to recover from the Bank any sum or sums whatsoever.

FIRST AFFIRMATIVE DEFENSE

2. The Complaint fails to state facts sufficient to constitute a cause of action against the BANK.

## SECOND AFFIRMATIVE DEFENSE

3. The Bank contends that Plaintiff is not entitled to any damages from the Bank due to improper joinder.

## THIRD AFFIRMATIVE DEFENSE

4. If the Plaintiff suffered or sustained any loss or damage, the same was directly and proximately caused and contributed to by the conditions and hazards of which Plaintiff is well aware and assumed the risks thereof.

## FOURTH AFFIRMATIVE DEFENSE

5. Plaintiff, by the exercise of diligence, could have mitigated against the damages alleged in the Complaint; therefore, the damages, if any, suffered by Plaintiff, must be reduced, diminished or defeated by such amounts as should have been mitigated by her.

## FIFTH AFFIRMATIVE DEFENSE

6. Plaintiff has come to the Court with unclean hands and is not entitled to any affirmative relief from this Court.

## SIXTH AFFIRMATIVE DEFENSE

7. Plaintiff is estopped from asserting any obligation of the Bank by Plaintiff and/or Plaintiff's agents' own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

8. Liability owed to Plaintiff, if any, is owed by parties other than the Bank.

## EIGHTH AFFIRMATIVE DEFENSE

9. Plaintiff consented to and approved all of the acts and omissions about which she now complains.

## NINTH AFFIRMATIVE DEFENSE

10. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff and not the Bank.

## TENTH AFFIRMATIVE DEFENSE

11. The Complaint is barred, in whole or in part, because any alleged wrongful conduct on the part of the Bank, which is assumed only for the purpose of this affirmative defense, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## ELEVENTH AFFIRMATIVE DEFENSE

12. The Bank specifically denies that it acted with any oppression, fraud or malice towards Plaintiff or others.

## TWELFTH AFFIRMATIVE DEFENSE

13. If the Bank is determined to have any liability to the Plaintiff, the amount of such liability, if any, is subject to setoff of the amounts owed by Plaintiff to the Bank.

## THIRTEENTH AFFIRMATIVE DEFENSE

14. The Bank is immune, in whole or in part, from Plaintiff's claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are pre-empted, in whole or in part.

## FIFTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff is precluded from asserting any obligation of the Bank due to Plaintiff's failure to comply with conditions precedent.

## SIXTEENTH AFFIRMATIVE DEFENSE

17. The Bank's conduct was privileged at all relevant times.

## SEVENTEENTH AFFIRMATIVE DEFENSE

18. The acts and conduct of Plaintiff and/or Plaintiff's agents precluded and interfered with any such acts or conduct required to be performed on the part of the Bank.

## EIGHTEENTH AFFIRMATIVE DEFENSE

19. The Bank contends that Plaintiff's Complaint and each cause of action contained therein, is barred by applicable statute of limitations.

1

### NINETEENTH AFFIRMATIVE DEFENSE

2     20.   The Bank reserves the right to assert additional and/or further affirmative

3  defenses during the course of this litigation as such become known throughout the

4  course of this litigation.

5     WHEREFORE, the Bank prays for judgment against Plaintiff as follows:

6     1.  That Plaintiff take nothing by way of her Complaint;

7     2.  That the Bank be awarded its attorney fees, costs and disbursements

8  incurred herein;

9     3.  For such other and further relief as this Court deems just and proper.

10  DATED: October 30, 2015     LAW OFFICES OF MICHAEL D. SCHULMAN

11

12

13     By _____

14         Michael D. Schulman
            Attorneys for Department Stores National Bank

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA 91356-3375.

     On October 30, 2015, I served the document described as: **ANSWER OF DEPARTMENT STORES NATIONAL BANK TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law offices of Todd M. Friedman
324 S. Beverly Drive, Suite 725
Beverly Hills, CA 90212

  X  BY MAIL

     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ BY PERSONAL DELIVERY.

___ BY FACSIMILE DELIVERY.

 X (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 30, 2015, at Tarzana, California.

      Yvette Montejo _____

_____
Signature


JANNEY & JANNEY
LEGAL SUPPORT SERVICE

yvette@schulmanlawoffic
MICHAEL D. SCHULMAN, LAW
Account #: 40874

My Prof

Place Order    Manage Cases    Pending Orders    Closed Orders

eFile and eService

Order Info    Case Info    Case Participants    Documents    Court Fees    Order Details

## Thank you for your order(s)

Your order number(s): **1111868**

For your reference, you will receive an Order Confirmation by email.

If you would like further assistance, please contact our Customer Support at (714) 953-9451 Monday - Friday between the hours of 8:00am to 5:00pm PDT.

Back to Manage Cases

‹ Previous    Submit                                                    Save As Draft

### Order Summary

eFiling (Existing Case)

**County:** Orange

**Case Info:**
Case Number: 30-2015-00806172-CL-NP-C
Case Name: Nguyen vs. Department Stores
Category: Civil - Limited
Case Type: Non-PI/PD/WD tort - Other

**Case Participants:**
Law Offices of Todd M. Friedman, P.C., Atto
MICHAEL D. SCHULMAN, LAW OFFICES o
(Client)
Department Stores National Bank, Defendar
Nguyen, Amy, Plaintiff

**Document(s):**
Answer (General Denial) (5 pages)

**Estimated Court Fees:**
Total fees: $225.00

**Order Details:**
Notify:
  Michael Schulman
Special Instructions:

Powered by Rapid Legal, Inc. Copyright © 2007 - 2015 All Rights Reserved.  Version 6.0.2.05

Janney and Janney Customer Suppo